42959.   KINNETT v. RYDER TRUCK LINES, INC.

ARGUED JULY 6, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 22, 1967—

*Mackay & Elliott, Thomas W. Elliott,* for appellant.

*Stone & Stone, Hugh W. Stone, Noah J. Stone,* for appellee.

FELTON, Chief Judge. 1. The fact that the statutory bonds filed in these cases did not contain the condition provided for in claim cases would not form a basis for a dismissal of the claims for the reason that the principal on the bonds, and his sureties, procured the funds claimed on the fact of the giving of such bonds and both would be estopped to deny the validity of the bond. And, the plaintiff must have had a kindred idea since he took a judgment against the principal and surety on the identical bonds.

2. (a) The appellee contends that the judgment should be affirmed because the claimant did not traverse the answers of the garnishee. Let it first be noted that although all of the moneys admitted to be due by the garnishee were not paid into court before the second claim was filed, this fact is immaterial since the court before and after the funds were paid into court acted on the assumption, which was not questioned by either party, that the funds would be paid into court, and they were in court when the judge ordered the funds paid to the claimant after the posting of the bonds.

(b) We hold that where funds answered to be due a defendant by a garnishee are paid into the registry of the court to which the garnishment is returnable for disposition by the court, a claimant is not required to traverse the answer of the garnishee as a prerequisite to the filing of a claim to the funds admitted to be due the defendant by the garnishee. The purpose of a traverse to a garnishee's answer is to give to the garnishee the right to be heard and for the protection of his rights and interests in the premises. Where the garnishee pays into court the money admitted by the garnishee to be due the defendant, and there is no objection, where the court acquiesces in such action the status assumes the nature of an equitable interpleader where the contest becomes one among the claimants and not the one interpleading. It is too well known for citations that claim

cases are tried at law upon equitable principles and it seems that complete justice can be done by giving the claimants to these funds raised by garnishment full opportunity to present evidence to support the respective claims.

There may be physical precedents where claims were filed in such cases and where even though the funds were deposited into the registry of the court the answer of the garnishee was in fact traversed. These cases cannot be interpreted to mean that such a traverse is necessary and no case has been cited which we understand to mean that a court has consciously and expressly or by necessary implication ruled that a traverse is necessary when the funds have been placed into the registry of the court to be distributed by it.

The court erred in dismissing the claims and in rendering judgment on the bonds executed by the claimant and his surety.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*