## 58897. AKINS v. MAGBEE BROTHERS LUMBER & SUPPLY COMPANY, INC.

CARLEY, Judge.

Appellee herein, having obtained judgment against Claude Akins & Associates, Inc., instituted garnishment proceedings against appellant who is the wife of the president of the defendant corporation. Appellant-garnishee appeals from the trial court's order finding in favor of appellee who traversed appellant's answer to the garnishment.

1. The summons of garnishment was served upon appellant on December 1, 1978, and appellant filed an answer alleging that she was not indebted to defendant in any sum whatsoever. Although appellant's answer was filed in the office of the clerk of the trial court on January 11, 1979, it was not until February 17, 1979, that appellant

served appellee by mailing a copy to it. Appellee admits receiving the service copy of the garnishment answer on February 20, 1979. Appellee's traverse of this answer — which is the procedural vehicle by which all issues determined by the trial court were raised — was not filed until March 8, 1979. Contending that the traverse was untimely, appellant enumerates as error the trial court's failure to dismiss the traverse.

Code Ann. § 46-502 requires that a garnishee serve his answer upon the plaintiff or his attorney concurrently with the filing thereof. However, the same Code section provides further "that if garnishee fails to serve the plaintiff, the plaintiff shall be allowed 15 days from the time plaintiff receives *actual notice* of the answer to traverse same." (Emphasis supplied.) Code Ann. § 46-502. "If the garnishee serves his answer on the plaintiff as provided in section 46-502, the plaintiff or claimant must traverse said answer within 15 days after it is served or the garnishee is automatically discharged of further liability with respect to the summons so answered." Code Ann. § 46-504.

Since appellee admits receiving "actual notice of the answer" on February 20, 1979, he had 15 days from that date, which was March 7, 1979, within which to file a traverse. The traverse was not filed until March 8, 1979, and, therefore, was not timely filed.

Appellee advances a different method of computation in an effort to show timeliness and in so doing relies upon Code Ann. § 81A-106 (e) providing as follows: "Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Appellee's reliance upon Code Ann. § 81A-106 is misplaced. If that section of the Civil Practice Act were applicable here, the three days would be added from the date of service (i.e., date of mailing) which was February 17, 1979. Thus, the last day for filing the traverse would still be March 7, 1979. Appellant, however, argues that the three days should be added to a period of fifteen days

commencing February 20, 1979. As shown above, the February 20th date is the correct commencement point for the computation of the 15 days because February 20th is the undisputed date appellee received actual notice as contemplated by Code Ann. § 46-502. However, the rationale underlying the statutory allowance of three additional days when service is perfected by mail is to insure that a party is not unduly burdened by the uncertainty of postal delivery. In other words, Code Ann. § 81A-106 (e) is designed to maximize the probability that a party will have the full time period within which to take an action after he receives the notice. Since, in this case, the garnishment statute itself provides for the commencement of the time period from the date of actual notice and since the date of actual notice here is undisputed, there is no justification for extending appellee's time for filing a traverse to a total period of eighteen days after receipt of actual notice simply because the answer providing that notice was transmitted through the mails.

Since the traverse was not filed within the time provided by statute, the appellant's answer to the garnishment stood unchallenged and the appellant, as garnishee, was "automatically discharged." *Martin v. Cullum,* 144 Ga. App. 886 (243 SE2d 108) (1978); *Camp v. Hamrick,* 139 Ga. App. 456 (228 SE2d 289) (1976).

2. Since the traverse filed by appellee should have been dismissed as untimely, it was not effective to raise any issues for determination. The trial court erred in considering the case on its merits. Accordingly, we will not review the remaining enumerations of error attacking the findings and conclusions of the trial court after a hearing on the merits.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 8, 1980.

*Richard D. Elliott, S. Alan Schlact,* for appellant.
*John H. Watson,* for appellee.