## 64673. NOCKONWOOD INDUSTRIES, INC. v. TULOKA AFFILIATES, INC.

BIRDSONG, Judge.

This appeal arises from a garnishment served on appellant on January 14, 1980. The summons of garnishment did not contain either appellee's address or the name and address of its attorney. Appellant answered the summons on February 23, 1980, and denied owing any money to the subject debtor or having in its possession any money or property belonging to the debtor. The answer was not served upon appellee or its attorney. On January 12, 1981, appellee learned of the filing of appellant's answer and filed a traverse to that answer on January 15, 1981. The traverse alleged that appellant's answer was untrue in that the appellant paid substantial money to the debtor during the period of the garnishment. After discovery, the parties submitted the case to the trial court on brief.

The trial court issued an opinion upon which it entered judgment in favor of appellee in the amount of $19,916.86. The court found that appellee's traverse to appellant's answer was timely filed, that appellant had advanced the aforesaid sum to the debtor during the period the summons of garnishment was pending, and that the "advances and alleged indebtedness accruing to appellant from the debtor were merely part of an attempt to avoid the summons of garnishment." Appellant has filed timely appeal from that judgment.

Appellant's first enumeration of error challenges appellee's traverse on the ground that it was not timely filed. It is clear that the failure of the plaintiff in a garnishment proceeding to traverse the garnishee's answer within the time required by law automatically

discharges the garnishee "of further liability with respect to the summons so answered." Code Ann. § 46-504; *Akins v. Magbee Bros. Lumber &c. Co.,* 152 Ga. App. 904, 906 (264 SE2d 334). The trial court in the present case found that appellee had timely filed its traverse pursuant to Code Ann. §§ 46-502, 46-504.

Code Ann. § 46-502 provides that the garnishee must serve his answer "upon the plaintiff or his attorney . . . Provided, however, no service shall be required unless the name and address of the plaintiff or his attorney shall appear on the face of the summons of garnishment: Provided, further, that if garnishee *fails* to serve the plaintiff, the plaintiff shall be allowed 15 days from the time plaintiff receives actual notice of the answer to traverse same." (Emphasis added.) Code Ann. § 46-504 provides: "If the garnishee serves his answer on the plaintiff as provided in section 46-502, the plaintiff or claimant must traverse said answer within 15 days after it is served or the garnishee is automatically discharged of further liability with respect to the summons so answered." The question presented by appellant's first enumeration of error may be stated as follows: Must the plaintiff traverse a garnishee's answer within 15 days after the answer is filed when the garnishee does not provide plaintiff with a service copy of the answer as a result of the plaintiff's failure to place its address or the name and address of its attorney on the summons of garnishment? This appears to be a question of first impression; we feel that it must be answered affirmatively.

"It is, of course, fundamental that legislative intent is the determining factor in judicial construction of ambiguous legislative enactments. [Cits.] In arriving at this intent of the legislature, it is also fundamental that all of the words of the statute are to be given due weight and meaning [cit.] and that the court is not authorized to disregard any of the words of the statute in question unless the failure to do so would lead to an absurdity manifestly not intended by the legislature." *Boyles v. Steine,* 224 Ga. 392, 395 (162 SE2d 324). "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part. It is not presumed that the legislature intended that any part would be without meaning." *Houston v. Lowes of Savannah,* 235 Ga. 201, 203 (219 SE2d 115).

Application of the above-quoted principles of statutory construction mandate a holding that the appellee's traverse to the appellant's answer was not timely filed and that the appellant was "automatically discharged" upon the expiration of the 15-day time period after the filing of its answer. Appellee argues that the second proviso contained in Code Ann. § 46-502 is designed to cover all situations in which a service copy of the answer is not forwarded to

the plaintiff. However, it is clear that the first proviso of the same section specifically relieves the garnishee of the obligation to serve the answer if the "name and address of the plaintiff or his attorney" does not "appear on the face of the garnishment." Thus, if the lack of service is covered by the first proviso, the garnishee cannot be said to have "failed" to serve the plaintiff with a copy of his answer as generally required by Code Ann. § 46-502. In situations covered by the first proviso, the filing and service requirements of Code Ann. §§ 46-103 and 46-502 are met if the garnishee merely files his answer "no sooner than 30 days and not later than 45 days" after service of the summons of garnishment. The filing of the answer by the garnishee within the prescribed time complies with both filing and service requirements when the plaintiff fails to provide its name and address or that of its attorney on the face of the summons. Consequently, the garnishee has not "failed" to serve the plaintiff pursuant to Code Ann. § 46-502, and the second proviso is not relevant. If the garnishee complies with the service requirements of Code Ann. § 46-502, the traverse must be made within fifteen days of the date of service, Code Ann. § 46-504, which is concurrent with the date of filing. Code Ann. § 46-502. Thus, in situations governed by the first proviso of Code Ann. § 46-502, the traverse must be made within 15 days after the answer is filed.

Any other construction of Code Ann. §§ 46-502 and 46-504 would lead to consequences that could not have been intended by the legislature. By enacting a specific time limitation within which a plaintiff must traverse a garnishee's answer, the legislature expressed a clear intent to provide for the automatic discharge of the garnishee from all obligations under the summons if the plaintiff did not notify the court and garnishee otherwise within the brief, prescribed time period. If appellee's construction of these statutes were accepted, the garnishee could be without any knowledge of the status of the garnishment proceeding for an indefinite time period, despite the fact that it has complied with all filing and service requirements.

Furthermore, the traverse is the vehicle by which issue is joined on the question of the garnishee's indebtedness to or possession of assets of the defendant in garnishment between the time of service of the summons and the time of the garnishee's answer. *Gant, Inc. v. Citizens &c. Nat. Bank,* 151 Ga. App. 212, 214 (259 SE2d 485). "The purpose of a traverse to a garnishee's answer is to give to the garnishee the right to be heard and for the protection of his rights and interests in the premises." *Kinnett v. Ryder Truck Lines,* 116 Ga. App. 363, 364 (157 SE2d 316). Construction of Code Ann. §§ 46-502 and 46-504 in the manner urged by appellee would create a vacuum within which the garnishee would be suspended indefinitely from knowing

whether issue was to be joined on any aspect of its answer. We do not feel that this construction would reasonably protect the garnishee's right to be heard or his "rights and interests in the premises." *Kinnett,* supra, p. 364. The garnishee should not be penalized for not serving the plaintiff with a copy of its answer when it is specifically relieved from doing so by statute.

Nor do we agree with appellee in its contention that our construction of Code Ann. §§ 46-502 and 46-504 places an unreasonable burden on the plaintiff in garnishment continually to check the record to determine whether the garnishee has filed an answer. The fact that no service of the answer was made in situations such as the present one is the fault of the plaintiff due to its failure to place its address or that of its attorney on the summons, and we think it reasonable to place any burden arising from that failure upon the plaintiff. Further, the plaintiff knows that the garnishee must answer not before 30 nor after 45 days from the date of service of the summons, which necessarily limits the time period during which it would be required to check the court's records to determine whether an answer had been filed.

Accordingly, we hold that the traverse in the present case was not timely filed and that the garnishee was, therefore, automatically discharged from liability pursuant to the summons of garnishment. The trial court erred in entering judgment in favor of appellee. In view of our decision on appellant's first enumeration of error, all remaining enumerations of error are moot.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

Decided October 25, 1982 —
Rehearing denied November 17, 1982 — 

*J. Randolph Hicks,* for appellant.
*H. Wayne Phears,* for appellee.

On Motion for Rehearing.

Appellee argues on motion for rehearing that the parties and the court have overlooked the fact that the summons of garnishment served on appellant was accompanied by a document entitled "To All Garnishees," which contained the name and telephone number of appellee's counsel. Appellee argues that it has, therefore substantially complied with the requirements of Code Ann. § 46-502. However, pretermitting the question of whether there has been substantial compliance in this case is the fact that the record does not reveal whether the document entitled "To All Garnishees" was

actually a part of or served with the summons of garnishment directed to appellant. It is well established that this court may not assume facts not in the record but made only by a party in his brief or enumerations of error. *Bhatia v. West Cash &c. Savannah,* 157 Ga. App. 145, 146 (276 SE2d 656). The record does not demonstrate appellee's compliance with the first proviso of Code Ann. § 46-502.

*Motion for rehearing denied.*