A90A0142. PYRAMID CONSTRUCTION COMPANY, INC. et al. v. STAR MANUFACTURING COMPANY.
(394 SE2d 598)

MCMURRAY, Presiding Judge.

Star Manufacturing Company (plaintiff) brought an action against Pyramid Construction Company, Inc., and Robert E. Spencer (defendants) to recover the cost of "prefabricated buildings" allegedly provided to defendant Pyramid Construction Company, Inc. Plaintiff filed a motion for summary judgment and, on April 20, 1989, served defendants with copies of the summary judgment motion, a brief, a supporting affidavit, a statement of material undisputed facts and a request for hearing on the motion by depositing the same "in the United States Mail . . . in a properly addressed envelope with adequate postage thereon." In an order dated May 22, 1989, and filed in the office of the clerk of the trial court on May 22, 1989, the trial court granted summary judgment to plaintiff "in full." On June 20, 1989, the trial court entered a "FINAL JUDGMENT" and awarded plaintiff damages. Defendants now appeal. *Held*:

Defendants contend the trial court erred "in entering an order granting summary judgment on the 32nd day after filing and service of the motion for summary judgment. . . ."

Normally, a party opposing a motion for summary judgment has not later than 30 days after service of the motion to respond. Rule 6.2 of the Uniform Rules for the Superior Court. See OCGA § 9-11-56 (c). However, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him, and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." OCGA § 9-11-6 (e). This Code section "is designed to maximize the probability that a party will have the full time period within which to take an action after he receives the notice." *Akins v. Magbee Bros. Lumber &c. Co.*, 152 Ga. App. 904 (1), 906 (264 SE2d 334).

In *Favors v. Travelers Ins. Co.*, 150 Ga. App. 741, 747 (2) (258

SE2d 554), it was held that the three-day extension rule of OCGA § 9-11-6 (e) applies "when *and only when* notice is effectuated by regular mail and the statutes prescribe that another method will 'satisfy' the notice requirement. . . ." Id. at 748. In the case sub judice, the three-day extension rule applies because regular mail was but one of three ways service could have been perfected. See OCGA § 9-11-5 (b). Consequently, since plaintiff served defendants with notice via regular mail, they had 33 days from the date of mailing to respond to the motion. It therefore follows that the trial court's order granting plaintiff's motion for summary judgment was premature since it was entered 32 days after the motion was filed. This error was not harmless as it cut off defendants' statutory right to respond to the motion for summary judgment. See *Goodwin v. Richmond*, 182 Ga. App. 745 (2), 746 (356 SE2d 888). The trial court erred in entering "FINAL JUDGMENT" for plaintiff.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 15, 1990.

*Julian H. Toporek*, for appellants.
*Karsman, Brooks & Callaway, Stanley E. Harris, Jr., David R. Smith*, for appellee.