46222.   CONTROL DATA CORPORATION v. CARLEY.

EVANS, Judge. On or about February 22, 1967, Carley sued Control Data Corporation in the Civil & Criminal Court of DeKalb County, on a contract, seeking judgment for certain commissions owed to him by the defendant. On September 25, 1969, this action was dismissed by order of the court, based upon the authority of a law amending the Act creating and establishing that court (Ga. L. 1960, pp. 2166, 2172) which states that any suit filed therein, in which no written order is taken for a period of two years, shall automatically stand dismissed. This law also provides that any case having been thus dismissed may be re-filed in any court having jurisdiction thereof at any time within six months from the date of such dismissal, upon payment of the accrued costs in said case. On or about March 23, 1970, in slightly less time than six months, an identical action was filed in the Civil Court of Fulton County involving the same parties and subject matter.

The defendant then moved for summary judgment, contending that there was no genuine issue of fact, since, as a matter of law, the involuntary dismissal of the plaintiff's former action operated as an adjudication on the merits by virtue of § 41 (b) of the Civil Practice Act (*Code Ann.* § 81A-141 (b); Ga. L. 1966, pp. 609, 653). The motion for summary judgment was denied, the trial court certified same for immediate review, and the appeal is from that judgment. *Held:*

The Civil Practice Act, supra, provides that unless the court, in its order of dismissal, otherwise specifies a dismissal under this subdivision, then any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction, or improper venue, or lack of an indispensable party, operates as an adjudication upon the merits. Counsel for the movant cites *Carver v. Cranford,* 122 Ga. App. 100 (176 SE2d 272) wherein a case was

found properly dismissed when it was placed on the trial calendar of the Spalding Superior Court after a pre-trial conference, and where, thereafter, the parties did not appear and there was a failure to prosecute after notice as to the time of trial as the same was set down. However, in the case sub judice the dismissal is based upon a special statute which authorizes the trial courts to clear their dockets and dismiss automatically those cases in which no written order is taken for a period of two years. That law further states: "Any case having thus been dismissed may be re-filed in any court having jurisdiction thereof at any time within six months from the date of such dismissal by the payment of the accrued costs in said case." The record here shows clearly that the case was re-filed within six months.

Sec. 81 of the Civil Practice Act, as amended, clearly states that it applies to all special statutory proceedings except to the extent that such special statutory proceedings prescribe specific rules of practice and procedure in conflict therewith. *Code Ann.* § 81A-181 (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109). The special Act creating this court clearly authorized the dismissal in two years where no order was taken, and provided that the same might be re-filed within six months, whereas the general law (CPA § 41 (e)) provides for a five-year period. The two statutes are in harmony, and there is no conflict whereby the general law would control.

To sum up, plaintiff's rights as to dismissal and re-filing, should both be measured by the special Act creating the Civil and Criminal Court of DeKalb County. Plaintiff was dismissed after two years under the special Act. He then re-filed within six months under the terms of that statute. But the defendant objects, and after his adversary was dismissed under the Special Act, he sought to invoke the general law (*Code Ann.* § 81A-141 (b)) to the effect that the dismissal adjudicated the case on its merits, and that plaintiff could not re-file at all. If we are going to measure plaintiff's rights by the general law, then he was dismissed much too early, as it (*Code Ann.* § 81A-141 (e)) allowed him five years—not just two years—before he could be dismissed. If plaintiff's rights are to be measured, both as to

64

dismissal and re-filing, under general law—his case is still in court, and was dismissed three years early; while if his case is to be measured by the special Act for DeKalb Civil and Criminal Court, he was properly dismissed after two years, and he has properly re-filed prior to six months from date of dismissal.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED MAY 6, 1971—DECIDED JUNE 15, 1971.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Sidney J. Nurkin,* for appellant.

*Tarleton & Zion, John J. Tarleton, Brainard T. Webb, Jr.,* for appellee.