### 31323. JOHNSON v. BARNES.

HILL, Justice.

This appeal arises from the State Court of DeKalb County. Plaintiff appeals an order overruling his motion to vacate an order dismissing his case for its "having been in the inactive file for more than two years." He contends that a conflict exists between the Civil Practice Act (CPA) and the special act establishing the Civil Court of DeKalb County (now State Court of DeKalb County).

On March 1, 1971, plaintiff filed a complaint seeking damages incurred by his reliance on allegedly false and erroneous financial statements prepared by defendant, an accountant, or persons under his supervision. The "last order" in the case, overruling defendant's motion for a more definite statement, was entered on July 28, 1971. On February 12, 1975, an order was entered dismissing plaintiff's case under the authority of the amended special Act, Ga. L. 1960, p. 2166, § 10, amending Ga. L. 1951, pp. 2401 et seq., establishing the Civil Court of DeKalb County. That special act provides that ". . . any suit filed . . . in which no written Order is taken for a period of two (2) years . . . shall automatically stand dismissed with costs to be taxed against the party plaintiff." Ga. L. 1960, p. 2166, § 10.

In February 1976, plaintiff filed a motion to vacate the February 1975 dismissal order and to place the case on the active list. The trial court denied plaintiff's motion on April 22, 1976. On May 21, 1976, plaintiff filed a notice of appeal directed to the order denying his motion to vacate the order of dismissal and subsequently enumerated error on that order.

1. Defendant-appellee has moved that the appeal be dismissed as untimely.

The complaint in this case was dismissed on July 28, 1973, by operation of the special act. *Butler v. Claxton,* 221 Ga. 620 (146 SE2d 763) (1966); *Swint v. Smith,* 219 Ga. 532 (1), (6) (134 SE2d 595) (1964).

Dismissal of a complaint is a final and appealable order under Code Ann. § 6-701 (a) (1). Code Ann. § 6-803 (a) provides in pertinent part that: "A notice of appeal shall be filed within 30 days after entry of the appealable

decision or judgment complained of (except as provided in Code section 27-1201, relating to change of venue in criminal cases), but when a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."[1]

There is no express provision in our law authorizing motions for rehearing or for reconsideration following decisions of the superior courts. Nor is there any express provision in our law authorizing motions to alter, modify or vacate final judgments of superior courts. Nevertheless such motions are made, many are overruled, and some are then appealed. As a consequence, and because the 30 days for filing notice of appeal frequently elapses before the ruling, there are numerous appellate decisions dismissing appeals as untimely and stating that the motion made (e.g., for reconsideration; to alter) was not one of the three enumerated in Code Ann. § 6-803(a) which automatically extends the filing date for a notice of appeal. See *Bernath Barrel &c. Co., v. Ostrum Boiler Service,* 131 Ga. App. 140, 144-146 (205 SE2d 459) (1974), and cits.[2]

In view of these numerous decisions, the defendant-appellee cites Code Ann. § 6-803 (a) and urges that no notice of appeal was filed within 30 days after entry of the appealable dismissal, no motion automatically extending the time for filing notice of appeal (for new trial, in arrest of judgment or JNOV) was filed, and hence the appeal is untimely.

There is, however, at least one motion not enumerated in § 6-803 (a) which is itself, when overruled,

---

[1]It should be noted that provisions relating to motions in arrest of judgment, e.g., Code Ann. §§ 110-702, 110-703, were repealed by the Civil Practice Act. See annotator's note following Code Ann. § 110-701.

[2]Counsel filing nonstatutory motions attacking final judgments such as a motion for reconsideration, should invoke the protection of Code Ann. § 6-804.

appealable, to wit: a motion to set aside a judgment. See *Mayson v. Malone,* 122 Ga. App. 814 (2) (178 SE2d 806) (1970). Such a motion has a very limited basis, but it exists.

Prior to enactment of the CPA, Code § 110-702 provided that "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings" and Code § 110-703 provided that " . . . The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations."[3] The pre-CPA difference between a motion in arrest and to set aside a judgment was not their basis but the time in which they could be filed.

The CPA has provided three methods of direct attack upon judgments—motion for new trial, motion to set aside, and complaint in equity, Code Ann. § 81A-160 (b). It provides that "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, or a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings," Code Ann. § 81A-160 (d). Regarding time, Code Ann. § 81A-160 (f) provides that: "A judgment void because of lack of jurisdiction of the person or subject-matter may be attacked at any time. Motions for new trial must be brought within the time now or hereafter prescribed by law. In all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of."

*Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674) (1966), which pointed out that a motion to set aside is not included among the three motions enumerated in Code Ann. § 6-803 (a), was decided prior to the effective date of the Civil Practice Act. *Azar v. Westview Cemetery,* 134 Ga.

---

[3]See footnote 1, supra.

App. 682 (215 SE2d 719) (1975), appears to have been correctly decided when it is understood that the motion there denominated by plaintiffs as a motion to set aside was not based upon Code Ann. § 81A-160 (d) but was in fact merely a motion for reconsideration. See *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970).

The motion to vacate in this case is predicated upon a nonamendable defect which appears on the face of the record. See *Swint v. Smith,* supra. Treating the motion to vacate as a motion to set aside (see Code Ann. § 81A-108 (f)), the motion to set aside was timely filed, the notice of appeal was timely filed as to an appealable order, and the motion to dismiss the appeal is denied. *Shannon Co. v. Heneveld,* 235 Ga. 635 (221 SE2d 200) (1975); *Farr v. Farr,* 120 Ga. App. 762 (172 SE2d 158) (1969); *Swint v. Smith,* supra.

2. The parties agree that the trial court is a court of record (see *Gresham v. Symmers,* 227 Ga. 616 (182 SE2d 764) (1971); *Fain v. Hutto,* 236 Ga. 915 (1) (225 SE2d 893) (1976)), and that the CPA is generally applicable to courts of record (Code Ann. § 81A-101). The CPA provides that "Any suit in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." Code Ann. § 81A-141 (e). The State Court of DeKalb County has a two year want of prosecution provision. Ga. L. 1960, p. 2166, Sec. 10. Plaintiff contends that the two provisions are in conflict and that the DeKalb Act is unconstitutional for lack of uniformity. Code Ann. § 2-4401.

The defendant contends that the two provisions are in complete harmony because the two year rule promotes efficiency and because the two year rule fits into an exception allowed by the CPA. Regardless of the efficiency of a two year rule, the General Assembly has set forth a five year rule for all suits of a civil nature in all courts whose practice and procedure is governed by the CPA (Code Ann. §§ 81A-101, 81A-141(e)), so that for those courts a two year rule is conflicting.

The CPA excepts from its scope some conflicting rules of practice and procedure in special statutory proceedings as set forth in Code Ann. § 81A-181. The trial court in this case was originally created by a special Act of

the General Assembly, but such creation by special Act does not mean that all proceedings in that court are special statutory proceedings. See *Gresham v. Symmers, Fain v. Hutto,* supra. Any interpretations of *Control Data Corp. v. Carley,* 124 Ga. App. 62 (183 SE2d 71) (1971), in conflict with decisions of this court will not be followed. The exceptions contained in § 81A-181 are inapplicable in this case.

The statute creating the two year rule for the trial court, Ga. L. 1960, p. 2166, § 10, preceded the CPA which was adopted in 1966, became effective in 1967, and is the later expression of the General Assembly on this subject. Compare *Sellers v. Home Furnishing Co.,* 235 Ga. 831 (222 SE2d 34) (1976).

The Civil Court of DeKalb County was established in 1951 in lieu of justices of the peace for that part of the City of Atlanta which is in DeKalb County. The new court also had territorial jurisdiction in the remainder of DeKalb County. It was granted jurisdiction to hear most civil cases involving $1,000 or less. Ga. L. 1951, p. 2401 et seq. In 1956 the jurisdictional amount was increased to $5,000, Ga. L. 1956, p. 2766, and the court was empowered to try misdemeanor cases by jury. Ga. L. 1956, p. 3137, §§ 1-A, 7-A. The court was renamed the "Civil and Criminal Court of DeKalb County," Ga. L. 1958, p. 2519, and the monetary limitation in civil cases was removed. Ga. L. 1962, p. 3227.

In 1970 the General Assembly passed an Act to make certain courts below the superior court level a harmonious part of the trial court system of this state. This Act applies to " . . . all courts in this State that are below the level of superior courts and have concurrent jurisdiction with superior courts to try misdemeanor cases by a jury trial or have a civil jurisdiction unlimited in amount and concurrent with the superior courts in all matters [with certain exceptions]." Code Ann. § 24-2101a. These courts were renamed "State Courts" and they are governed by the rules of practice and procedure that are applicable to the superior courts; e.g., the CPA. Code Ann. §§ 24-2102a, 24-2107a. The court below is subject to the 1970 State Court Act. See *Bell v. Stocks,* 128 Ga. App. 799 (198 SE2d 209) (1973); *Loukes v. McCoy,* 129 Ga. App. 167 (199 SE2d

125) (1973).

The two latest expressions of the General Assembly on this subject, the Civil Practice Act and the State Court Act, require the State Court of DeKalb County to follow the rules and procedures set forth in the CPA. *Sellers v. Home Furnishing Co.*, supra. The dismissal by the trial court of plaintiff's case for being in the inactive file for two years is not consistent with § 81A-141 (e) of the CPA.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 13, 1976 — DECIDED
SEPTEMBER 8, 1976.

*Heyman & Sizemore, William H. Major, Patrick L. Swindall,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, John H. Stanford, Jr.,* for appellee.