63751. LITTLEJOHN v. TOWER ASSOCIATES LTD. et al.

SOGNIER, Judge.
Littlejohn, acting pro se, sued Tower Associates, Ltd., and others for damages for wrongful removal of his parked vehicle from Tower Associates' property. Tower Associates defended on the ground that the vehicle was properly removed under the provisions of Ga. Code Ann. § 85-203. Both parties filed motions for summary judgment. Littlejohn failed to appear for the hearing on the motions. On August 24, 1981 the trial court denied appellant's letter request for a continuance, dismissed his motion for summary judgment for want of prosecution and granted appellees' motion for summary judgment. Appellant filed a motion to set aside and for reconsideration of this order and judgment. This motion was denied on November 6, 1981. Notice of appeal was filed on December 3, 1981 contesting the court's order of August 24, 1981 granting summary judgment to appellees.

A party must file a notice of appeal within 30 days after entry of the appealable decision or judgment of which he complains, unless the motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed. Ga. Code Ann. § 6-803; *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809 (234

SE2d 377) (1977); *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70) (1976). The failure to file a notice of appeal within the time required by statute is one of the statutory grounds for the dismissal of the appeal. Ga. Code Ann. § 6-809 (b) (1); *Ellis,* supra, at p. 809. Appellant failed to file his notice of appeal within the 30-day period but instead filed a "Motion to Set Aside and For Reconsideration and Argument on Motion."

A motion for reconsideration is not one of the three statutory motions which extend the time of filing of the notice of appeal. *Ellis,* supra, at p. 809; *Lawler v. Ga. Mutual Ins. Co.,* 156 Ga. App. 265, 266 (276 SE2d 646) (1980); *Groenendijk v. Groenendijk,* 226 Ga. 800 (177 SE2d 686) (1970). A motion to set aside will extend the time for filing notice of appeal. *Johnson v. Barnes,* supra, at p. 504. However, a motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings or such motion must be based upon lack of jurisdiction of the person or subject matter. Code Ann. § 81A-160 (d). While appellant's motion is partially styled "A Motion to Set Aside . . .," there has been no showing of a nonamendable defect or any lack of jurisdiction which would support a motion to set aside. *C & S Nat. Bank v. Burden,* 145 Ga. App. 402 (244 SE2d 244) (1978); *Turner v. T & T Oldsmobile, Inc.,* 154 Ga. App. 228 (267 SE2d 833) (1980). There being no basis for a motion to set aside despite the motion being denoted as such, said motion did not extend the time for filing of a notice of appeal from the trial court's August 24, 1981 order granting appellees' motion for summary judgment.

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 29, 1982 —
REHEARING DENIED JULY 12, 1982 — 

Charles E. Littlejohn, *pro se.*
*Wayne Cardon, Steven N. Margolin,* for appellees.