66812. MATHIS et al. v. HEGWOOD.

SOGNIER, Judge.
Luther A. Hegwood filed a dispossessory warrant against Mose Mathis and others to regain possession of real estate in Walker County. After Mathis answered, Hegwood filed notices to take depositions and to produce. Mathis failed to appear at the deposition. Three weeks later Hegwood moved the court pursuant to OCGA § 9-11-37 (b) (Code Ann. § 81A-137) to impose the sanction of dismissal because of Mathis' wilful and flagrant failure to attend the scheduled deposition. The trial court entered its order on November 10, 1982, striking Mathis' answer and entering judgment in favor of Hegwood. An interlocutory appeal from the trial court's order was dismissed by this court for failure to comply with the requirements of OCGA § 5-6-34 (b) (Code Ann. § 6-701). No further action was taken until February 22, 1983, when Mathis filed a "Motion to Vacate and/or Amend Order Dated November 10, 1982." This motion was denied on March 14, 1983. Notice of appeal was filed on March 16, 1983, contesting the trial court's order of November 10, 1982, which imposed the sanction of dismissal on appellants.

A party must file a notice of appeal within 30 days after entry of the appealable decision or judgment of which he complains, unless a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed. OCGA § 5-6-38 (Code Ann. § 6-803); *Lawler v. Ga. Mut. Ins. Co.,* 156 Ga. App. 265 (1) (276 SE2d 646) (1980). The failure to file a notice of appeal within the time required by statute is one of the statutory grounds for dismissal of the appeal. OCGA § 5-6-48 (b) (1) (Code Ann. § 6-809); *Littlejohn v. Tower Assocs.,* 163 Ga. App. 37, 38 (293 SE2d 33) (1982).

Appellants state in their Notice of Appeal that they are appealing from the denial of their "motion in arrest of judgment." No such motion was made as the record clearly reflects that the motion made by appellants was to "Vacate and/or Amend Order Dated November 10, 1982." Such a motion to vacate and/or amend is not one of the three statutory motions which extend the time of filing of the notice of appeal. *Johnson v. Barnes,* 237 Ga. 502, 503 (229 SE2d 70) (1976); *Taylor v. City of Columbus,* 228 Ga. 493, 494 (186 SE2d 539) (1971). A motion to set aside will extend the time for filing the notice of appeal. *Johnson,* supra at p. 504. However, a motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, or such motion must be based upon lack of jurisdiction of the person or subject matter. OCGA § 9-11-60 (d) (Code Ann. § 81A-160). Although appellants assert that their motion to vacate should be treated as a motion to set aside, appellants have failed to make any showing of a nonamendable defect or any lack of jurisdiction which would support a motion to set aside. *Scott v. Morris Brown College,* 164 Ga. App. 264 (1) (297 SE2d 45) (1982). There being no basis for a motion to set aside, appellants' motion to vacate and/or amend did not extend the time for filing of a notice of appeal from the trial court's order of November 10, 1982, dismissing appellants' answer as a sanction for failure to appear at a scheduled deposition.

*Appeal dismissed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 10, 1984 —
REHEARING DENIED JANUARY 25, 1984 —

*John O. Wiggins,* for appellants.
*James A. Secord, William D. Cunningham,* for appellee.