70362, 70363. LAW OFFICES OF JOHNSON & ROBINSON
v. FORTSON et al.
(334 SE2d 33)

DEEN, Presiding Judge.

In case number 70362, appellants contend it was error for the trial court to dismiss a lis pendens and in denying their motion "to arrest/vacate judgment." Case number 70363 is an appeal from the trial court's order denying appellant's motion for "default judgment and dismissing parties" and from an order denying their motion "to arrest/vacate judgment." Appellees have filed a motion to dismiss the appeals in this court contending that the notice of appeal was not timely filed. *Held*:

The orders which dismissed the lis pendens and denied the default judgment were filed on July 18, 1984, and July 27, 1984, respectively. The motions to "arrest/vacate judgment[s]" were filed on August 17, 1984. The court's ruling on these latter motions was filed on December 4, 1984, and the notice of appeal was filed on January 3, 1985.

OCGA § 5-6-38 requires a party to file a notice of appeal within 30 days after the entry of an appealable decision or judgment of which he complains, unless the motion for a new trial, or a motion in arrest of judgment, or a motion for a judgment notwithstanding the verdict has been filed. Failure to timely file a notice of appeal is one of the statutory grounds for dismissal of the appeal. OCGA § 5-6-48 (b) (1). A motion to vacate and set aside final judgment is not a motion enumerated in OCGA § 5-6-38 which extends the time for filing a notice of appeal. *Lawler v. Ga. Mut. Ins. Co.*, 156 Ga. App. 265 (276 SE2d 646) (1980); *Williams v. Keebler*, 222 Ga. 437 (150 SE2d 674) (1966). A motion to set aside can extend the time for filing. *Johnson v. Barnes*, 237 Ga. 502 (229 SE2d 70) (1976). It must, however, be "predicated upon some nonamendable defect which does appear upon the face of the record or pleadings or such motion must be based upon lack of jurisdiction of the person or subject matter." *Littlejohn v. Tower Assoc.*, 163 Ga. App. 37, 38 (293 SE2d 33) (1982); OCGA § 9-11-60 (d). The body of the motions in question states they "move the court to arrest, set aside and vacate its order . . ." on the general grounds. As there is no showing of a nonamendable defect or lack of jurisdiction which would support a motion to set aside, the motions in the instant cases would not extend the time for filing a notice of appeal from the orders entered on July 18, 1984, and July 27, 1984.

It is not necessary for this court to reach a determination as to

whether the orders which formed the basis for these motions are final judgments and would be directly appealable or whether appellant would be required to follow the procedure for seeking an interlocutory appeal because his time for filing any document in this court had expired in August 1984.

The motions cannot be considered to be motions in arrest of judgment in spite of their title "[s]ince nowhere in the motion was it alleged that the judgment sought to be arrested was procured by accident, mistake or fraud or through any defect not amendable appearing on the face of the record or pleadings or by perjury or any other irregularity . . . [Cit.]" *Stefanick v. Ouellette*, 97 Ga. App. 644, 646 (104 SE2d 156) (1958). See also OCGA § 9-12-15; *Littlejohn v. Tower Assoc.*, supra, wherein the court noted that the denomination of a motion is not controlling; the movant must state a basis for the motion. Merely reciting the general grounds is not a basis for a motion to arrest.

We can only conclude therefore that these motions are motions to set aside judgments and that appellant has followed the wrong appellate procedure because appeals from orders denying motions to set aside a judgment cannot be entertained by this court on direct appeal; appellant is required to file an application for appeal pursuant to the provisions of OCGA § 5-6-35 (a) (8). Accordingly these appeals must be dismissed.

*Appeals dismissed. Pope and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I agree but would go farther.

Even if the two motions to "arrest/vacate judgments" are truly motions to set aside judgments, pursuant to OCGA § 9-11-60 (d), appellant has followed the wrong appellate procedure because appeals from orders denying such motions are discretionary. OCGA § 5-6-35 (a) (8). Appellant filed a direct appeal rather than an application in the nature of a petition, as required by OCGA § 5-6-35 (b) and we would have no jurisdiction to entertain it. *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106) (1981).

And as the court has shown, these two motions were not in their substance motions in arrest of judgment. On this score, it is questionable whether the order granting the client's motion to dismiss the claim of lis pendens in superior court Case No. K82-24,202 is a "final judgment" directly appealable under OCGA § 5-6-34 (a) (1). If it is not, then the motion for the court "to arrest, set aside, or vacate its order" certainly could not affect the appeal time with respect to it, under OCGA § 5-6-38 (a). The point is, it does not appear that it is a "judgment" which appellant sought to have arrested, but rather only

an order.

The two orders attacked in Case No. 70363 relate to interlocutory orders, as the complaint brought by the law firm against the client and others remains pending with respect to two counts against the client. Insofar as the record shows, superior court Case No. K84-13,348, which forms the basis for appeal No. 70363, is still pending below and no final judgment has been rendered which would authorize direct appeal under OCGA § 5-6-34 (a) (1). Appellant did not here follow the procedure for seeking an interlocutory appeal in these matters, as provided by OCGA § 5-6-34 (b).

DECIDED SEPTEMBER 3, 1985.

W. Hammond Johnson, Jr., for appellant.
Robert E. Andrews, Clayton H. Farnham, William I. Sykes, Jr., Paul W. Burke, for appellees.