### 71119. MILLER v. BANK OF THE SOUTH, N.A.
(338 SE2d 436)

McMURRAY, Presiding Judge.

Bank of the South, N.A. brought suit against defendant on an account. Defendant answered, pro se, denying the allegations of the complaint, and counterclaimed. Plaintiff served a request for admissions upon defendant. Via the requests, plaintiff sought admissions which pertained to the merits of the main claim and counterclaim. When defendant failed to respond to the request for admissions, plaintiff moved for summary judgment. Defendant sought permission to withdraw her admissions. In so doing, however, defendant actually admitted the matters set forth in the complaint. Moreover, she failed

---

to satisfactorily explain why the responses were not timely filed. Accordingly, on April 5, 1985, the trial court denied defendant's motion to withdraw admissions and granted plaintiff's motion for summary judgment. On May 3, 1985, defendant filed a "Motion to Vacate and Set Aside Judgment." The motion was denied on May 15, 1985. Thereafter, on June 14, 1985, defendant appealed. In her enumeration of errors, defendant questions the propriety of the order granting summary judgment to plaintiff. *Held*:

1. A party must file a notice of appeal within 30 days after the entry of the judgment about which he complains, unless a motion for new trial, motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed. OCGA § 5-6-38 (a); *Johnson v. Barnes*, 237 Ga. 502 (229 SE2d 70); *Mathis v. Hegwood*, 169 Ga. App. 547 (314 SE2d 122). "A motion to set aside will extend the time for filing the notice of appeal. *Johnson*, supra at p. 504. However, a motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, or such motion must be based upon lack of jurisdiction of the person or subject matter. OCGA § 9-11-60 (d) ([formerly] Code Ann. § 81A-160)." *Mathis v. Hegwood*, 169 Ga. App. 547, supra at p. 548.

Defendant's "Motion to Vacate and Set Aside Judgment" was not predicated upon a nonamendable defect or a lack of jurisdiction. The motion was nothing more than a request for a reconsideration of the trial court's summary judgment award. See *Dougherty County v. Burt*, 168 Ga. App. 166 (308 SE2d 395). Accordingly, the motion did not extend the time for the filing of a notice of appeal from the April 5, 1985, order granting plaintiff's motion for summary judgment. *Mathis v. Hegwood*, 169 Ga. App. 547, supra. Inasmuch as the appeal is not timely, it must be dismissed.

2. Plaintiff's motion for ten percent damages pursuant to the provisions of OCGA § 5-6-6 is denied. See *James v. Seritt*, 121 Ga. App. 783 (175 SE2d 163).

*Appeal dismissed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 23, 1985 —
REHEARING DENIED NOVEMBER 21, 1985 —

Helen Miller, *pro se.*
*Albert F. Nasuti*, for appellee.