### 71828. BARTLETT v. HEMBREE.
(339 SE2d 388)

BEASLEY, Judge.

In this wrongful death action, plaintiff's motion for partial summary judgment on the issue of liability against the defendant was granted on August 15, 1985; the order was entered on that date. Defendant then filed a motion to reconsider or set aside that judgment on August 26. This motion was denied by the trial judge and the order was entered on September 13. The defendant's notice of appeal from the denial of reconsideration and from the grant of partial summary judgment was sent on September 19 and marked filed on Sep-

tember 23.

An appeal from a judgment denying a motion for reconsideration of a summary judgment order rendered more than 30 days before the notice of appeal is not timely. *Adamson v. Adamson*, 226 Ga. 719 (177 SE2d 241) (1970); *Shepherd v. Epps*, 242 Ga. 322 (1) (249 SE2d 33) (1978). The Supreme Court has held that the denial of a motion to set aside will sustain an appeal. *Johnson v. Barnes*, 237 Ga. 502 (1) (229 SE2d 70) (1976). However, as that opinion and subsequent ones have pointed out this does not mean merely using the terminology "set aside." It requires a motion that meets the requisite of OCGA § 9-11-60 (d). *Dougherty County v. Burt*, 168 Ga. App. 166, 170 (308 SE2d 395) (1983); *Mathis v. Hegwood*, 169 Ga. App. 547, 548 (314 SE2d 122) (1984). Despite the language used in the motion here at issue, it does not meet those requisites and instead is basically in the nature of a motion for reconsideration. *Austin v. Carter*, 248 Ga. 775, 776 (285 SE2d 542) (1982). The notice of appeal was therefore untimely.

Appellant did attempt to file a notice of appeal from the judgment of August 15 on or about September 3. However, that notice of appeal was mailed and the clerk denies receiving it. It was thereafter sent again and filed September 18, and it is too late also. Thus, although appellant may have some equity on his side he has no law at all.

*Appeal dismissed. Deen, P. J., and Benham, J., concur.*

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED DECEMBER 17, 1985 —

*Sam F. Lowe, Jr., Sam F. Lowe III, Richard L. Moore*, for appellant.

*Eugene R. Kiser, Candler Crim, Harry W. Bassler*, for appellee.