72745. PERRYMAN v. GEORGIA POWER COMPANY.
(348 SE2d 762)

BEASLEY, Judge.

Georgia Power Company filed suit against Perryman on an account for the principal sum of $546.19 plus $43.70 interest and court costs in the amount of $28. Perryman, pro se, answered the suit maintaining that the utility had already been awarded the amount sought through a claim in a bankruptcy proceeding. The power company filed a request for production of documents, first interrogatories, a request for admissions which included admissions that Perryman was indebted to the company for the amount pled in the complaint, and a motion for summary judgment. Defendant's sole response to these pleadings was to file a "Motion to Set Aside Summary Judgment," though the court had not yet issued an order on the motion. Approximately two months later, the trial court did grant the motion for summary judgment, expressly finding that Perryman had failed to timely respond to the request for admissions or to move to answer them thereafter, so that as a matter of law she was liable to the utility for the sums.

Perryman then filed a "Motion to Vacate and Set Aside Summary Judgment," again asserting satisfaction of the claim through bankruptcy. Defendant failed to appear or answer ready to proceed at the calendar call for hearing of her motion. The court dismissed the motion and awarded the company attorney fees for having to defend it.

Perryman appealed from the dismissal, but we are compelled to dismiss the appeal for lack of jurisdiction.

1. As we have noted, the substance of Perryman's complaint before the trial court as well as presently before this court is that summary judgment was improperly granted to the utility because the debt was not owing due to satisfaction or discharge in bankruptcy.

Perryman chose to denominate her motion as one to vacate and set aside the summary judgment, see OCGA § 9-11-60 (d), but "[t]he motion was nothing more than a request for a reconsideration of the trial court's summary judgment award. [Cit.] Accordingly, the motion did not extend the time for the filing of a notice of appeal" and therefore the present notice of appeal was not timely filed. *Miller v. Bank of the South*, 177 Ga. App. 42, 43 (1) (338 SE2d 436) (1985).

2. Even if Perryman had timely filed her notice of appeal from the grant of summary judgment in favor of the utility, we would still be unable to exercise jurisdiction to review the merits on this direct appeal. The discretionary appeal provisions of OCGA § 5-6-35 (a) (6) apply to "judgments in the amount of $2,500 or less obtained by verdict following a bench or jury trial as well as by summary judgment." *Jarrett v. Ford Motor Credit Co.*, 178 Ga. App. 600, 601 (344 SE2d 440) (1986).

The jurisdictional infirmities in this appeal are dispositive.
*Appeal dismissed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 10, 1986.

Patricia Perryman, *pro se.*
*Charley G. Morris*, for appellee.