A91A2142. TRINITY v. APPLEBEE'S NEIGHBORHOOD GRILL & BAR OF GEORGIA.
(411 SE2d 131)

Pope, Judge.

Plaintiff/appellant Hawa Trinity brought suit against defendant/appellee Applebee's Neighborhood Grill & Bar after plaintiff slipped and fell in one of defendant's restaurants. Defendant filed a motion for summary judgment, which the trial court granted on November 30, 1990. Plaintiff filed a motion for reconsideration of the trial

court's order on December 26, 1990; plaintiff filed a motion to supplement her motion for reconsideration on February 5, 1991 "by amending her prayer to ask that judgment be set aside or in the alternative that plaintiff be granted a new trial." The trial court denied plaintiff's motion for reconsideration on February 7, 1991 and plaintiff filed her appeal to this court on March 5, 1991. Defendant filed a motion to dismiss this appeal on September 9, 1991.

"An appeal from a judgment denying a motion for reconsideration of a summary judgment order rendered more than 30 days before the notice of appeal is not timely. [Cits.]" *Bartlett v. Hembree*, 177 Ga. App. 253, 254 (339 SE2d 388) (1985). See also *N. C. Constr. Co. v. Action Mobilplatform*, 187 Ga. App. 507 (370 SE2d 800) (1988). Although plaintiff sought to amend her motion for reconsideration to request that judgment be set aside or that a new trial be granted, such action did not extend the time for filing the notice of appeal. Pretermitting the question of whether a motion for new trial was the proper procedural vehicle to attack the trial court's order granting summary judgment in this case, OCGA § 5-5-40 (a) provides that a motion for new trial must be filed within 30 days of the entry of the judgment complained of; no extensions of time are permitted for the filing of such motions. OCGA § 5-6-39 (b). See *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269 (1) (329 SE2d 900) (1985). As to plaintiff's request that judgment be set aside, " '[e]ven if we were to construe [plaintiff's] (motion for reconsideration) as a motion to set aside, this court would still have no jurisdiction over the appeal. Appeals from the denial of such motions are discretionary and [plaintiff] did not follow the applicable procedure to secure appellate review of the denial of [her] motion. (Cits.)' [Cit.]" *Alvin Lee Co. v. Garmon Elec. Contractors*, 190 Ga. App. 159 (378 SE2d 384) (1989). Accord *N. C. Constr. Co.*, supra.

*Appeal dismissed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 3, 1991.

*Daryl G. LeCroy*, for appellant.
*Duncan & Mangiafico, Royce F. Morris*, for appellee.

