## A91A1547. FIRST COMMUNITY BANK OF CHEROKEE v. BRYAN STARR & ASSOCIATES, INC.
### (417 SE2d 330)

ANDREWS, Judge.

1. In its first enumeration of error, defendant/appellant First Community claims that the trial court committed procedural error in granting plaintiff/appellee Bryan Starr & Associates, Inc. (Starr & Associates) motion for summary judgment in this action involving a lien arising out of the following facts. Starr & Associates served by mail a motion for summary judgment and a supporting affidavit on January 16, 1991. On February 14, 1991, the superior court granted defense counsel's motion for a leave of absence from February 19, 1991, through February 28, 1991. On February 22, 1991, prior to the end of this leave, the superior court granted Starr & Associates' renewed motion for summary judgment.

The response to the motion for summary judgment was due 33 days after service of the motion, on February 18, 1991, which was a legal holiday. See generally Rule 6.2 of the Uniform Rules for the Superior Court; OCGA §§ 9-11-56; 9-11-5 (b); 9-11-6 (e); *Pyramid Constr. Co. v. Star Mfg. Co.,* 195 Ga. App. 644 (394 SE2d 598) (1990). Thus, the period within which First Community was required to respond to the motion was extended by one day to February 19, 1991, which date fell within defense counsel's leave of absence. See OCGA § 9-11-6 (a).

First Community argues that the superior court's order granting Starr & Associates' motion for summary judgment was improper since such motion was granted during its leave of absence. First Community cites Rule 16 of the Uniform Rules for the Superior Court which provides: "[a] leave when granted shall relieve any attorney from all trials, hearings, depositions and other legal proceedings in that matter." First Community claims that the leave of absence extended the period of time allowed to respond to the motion for summary judgment.

We cannot accept First Community's argument since we do not

interpret the "proceedings" from which an attorney is excused by a leave of absence to include filing deadlines. Few Georgia cases interpret Rule 16 and no cases directly address the obligations from which an attorney is relieved by a leave of absence. See generally *Dial v. Turner,* 179 Ga. App. 689 (347 SE2d 305) (1986); *Birts v. State,* 192 Ga. App. 476 (385 SE2d 120) (1989); *Bryant v. BMC of Ga.,* 188 Ga. App. 124 (372 SE2d 280) (1988). Nonetheless, we interpret the "legal proceedings" from which an attorney is excused by a leave of absence to mean appearances before a court, not filing deadlines.

This conclusion is supported by statutory authority which demonstrates that a leave of absence is not the mechanism for extending filing guidelines. OCGA § 9-11-6 (b) specifically outlines the procedure by which an attorney may extend the period for filing a summary judgment responsive brief. Thus, in order to extend the response period, First Community should have followed the statutory provisions regarding that situation.

We have fully examined the record and conclude that First Community's remaining arguments regarding alleged error in the trial court's granting of summary judgment are without merit, or are improperly before this court.

2. First Community's second enumeration of error, which claims that the trial court erred in denying its motion for reconsideration, or, in the alternative, its motion to set aside judgment, is also without merit.

*Judgment affirmed. Sognier, C. J., Carley, P. J., Pope, Cooper, JJ., and Judge Arnold Shulman concur. McMurray, P. J., Birdsong, P. J., and Beasley, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I cannot agree with the constricted construction, adopted by the majority, of Rule 16 of the Uniform Rules for the Superior Court. The plain purpose of a provision for a leave of absence for counsel is so that the attorney may briefly turn his back on the practice of law without endangering the rights of a client. *Whether the reason for a leave of absence is as pleasant as a well earned vacation or as tragic as a medical emergency, the purpose is not well served if the clock continues to run on a myriad of deadlines and rights are deemed to expire during the leave of absence.* Under the view adopted by the majority, the term "leave of absence" is a serious misnomer as any perception of relief from the attorney's responsibilities is in large part illusory.

I would broadly construe the reference in Rule 16 to "other legal proceedings," and would hold that, subsequent to the filing of the complaint and initial appearance on behalf of defendant, a leave of absence extends filing deadlines. It follows, that in my view, the

mechanisms set forth in OCGA § 9-11-6 (b) for extending the time for filing a responsive brief to a motion for summary judgment should be viewed as a "legal proceeding" from which counsel is excused during a leave of absence, thereby precluding the expiration of time for filing a responsive brief and grant of summary judgment during the period of time covered by the leave of absence.

BEASLEY, Judge, dissenting.

This court does not have jurisdiction in this case to address the issue of whether a leave of absence forestalls the time for filing a response to a motion for summary judgment.

That is an issue which was raised in defendant's motion for reconsideration or, in the alternative, motion to set aside judgment under OCGA § 9-11-60 (d). The motion was filed a little over six weeks after defendant filed a notice of appeal from the grant of summary judgment, which judgment the motion attacked. The court below was deprived by defendant's action in filing the notice of appeal from reconsidering any matters in the case other than those collateral to the issues on appeal. See *Argonaut Ins. Co. v. Atlantic Wood Indus.*, 187 Ga. App. 477 (370 SE2d 770) (1988) (physical precedent) for a recitation of the scope of the trial court's jurisdiction following filing of a notice of appeal. The trial court did not dismiss the motion, but it did deny it without addressing the merits, albeit for a different reason than stated above.

Defendant did not move for an extension of time for filing the notice of appeal, OCGA § 5-6-39, which could have been done to allow more time for the effort to eliminate the judgment, if 30 days from the entry of the judgment on February 22 was insufficient for considering and preparing the motion. Of course, a *timely* motion to set aside the judgment on the jurisdictional defect of lack of notice of the renewed motion for summary judgment would have extended the time of filing the notice of appeal from the judgment. In *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (1) (269 SE2d 426) (1980), the Supreme Court acknowledged that a motion to set aside would be a proper vehicle to test an allegation of lack of notice. See *Intertrust Corp. v. Fischer Imaging Corp.*, 198 Ga. App. 812 (1) (403 SE2d 94) (1991). In *Littlejohn v. Tower Assoc., Ltd.*, 163 Ga. App. 37 (293 SE2d 33) (1982), it was pointed out that a motion to set aside will extend the time for filing a notice of appeal. This is in addition to the time-extending motions in OCGA § 5-6-38 (a). *Johnson v. Barnes*, 237 Ga. 502, 504 (1) (229 SE2d 70) (1976). Compare the three-year rule in OCGA § 9-11-60 (f).

The notice of appeal in this case brings to our review only the order and judgment of the trial court entered February 22, establishing the priority of plaintiff's lien over that of defendant/appellant

bank and granting judgment against the other defendant, which is not a party to this appeal.

In addition to the merits of the motion for reconsideration and/or set aside being unaddressable by this court because the trial court's jurisdiction had been ousted in the first place and because it did not rule on the merits in the second place, this court has no jurisdiction to decide the merits because defendant/appellant bank did not file an application for appeal of the order denying the motion. See OCGA § 5-6-35 (a) (8); *Lewis v. Sun Mgmt.*, 187 Ga. App. 591 (370 SE2d 840) (1988). It has been held that an application is necessary even when appellant is appealing, and has a right to appeal, another order or judgment in the case such as the grant of summary judgment here.[1] See *Brooks v. Fed. Land Bank of Columbia*, 193 Ga. App. 591 (388 SE2d 704) (1989) (physical precedent). That is to say, amending the original notice of appeal would not be sufficient. In this case, appellant did not even do that. It merely supplemented the record with the post-judgment proceedings. The issues documented in that supplemental record, including the one addressed by the majority and the dissent of my brethren, are not properly before the Court.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED JANUARY 29, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 —

*William R. Harp, Henning, Aitkens, Snellings & Kearns, Stanley·T. Snellings*, for appellant.
*Freed, Lester & Freed, Gary S. Freed, Janice A. Singer, Ross J. Adams*, for appellee.

---

[1] For right to direct appeal of grant of summary judgment, see OCGA § 9-11-56 (h).