S94G0774. LEVENTHAL v. MOSELEY et al.
(453 SE2d 455)

THOMPSON, Justice.

We granted certiorari in this case to determine whether a direct appeal, as opposed to a discretionary appeal, lies from the denial of a motion to set aside predicated on the failure of the trial court to notify the losing party of its decision.

Plaintiffs sued defendant on four promissory notes (totalling over $500,000) and the trial court granted plaintiffs' motion for summary judgment. Two months later, defendant moved for permission to file an out-of-time appeal, or, alternatively, to set aside the judgment, alleging neither he nor his attorney received a copy of the summary judgment order. The trial court denied the motion, finding, inter alia, that a copy of the order was mailed by the court and received by defendant's attorney. Defendant filed a direct appeal which the Court of Appeals dismissed by an order specifying that it lacked jurisdiction because defendant failed to follow the discretionary appeal procedure required by OCGA § 5-6-35 (a) (8). We reverse and remand to the Court of Appeals for consideration of defendant's appeal on the merits.

In *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), a jury verdict was rendered in favor of the plaintiff and the defendants filed a motion for a new trial. The trial judge filed an order deny-

ing defendants' motion with the clerk, but the parties were not notified of the entry of the order. More than 30 days later, defendants filed a motion to set aside on the ground that they had not been notified that the order had been filed with the clerk. The trial judge granted the motion to set aside and again overruled defendants' motion for a new trial, thereby giving defendants an additional 30 days within which to appeal. Defendants appealed and plaintiff moved to dismiss, arguing that the trial judge could not enlarge the time for filing an appeal by granting the motion to set aside and reinstating its previous order. This Court disagreed, holding that the failure of a trial judge to comply with the predecessor to OCGA § 15-6-21[1] (i.e., Code Ann. § 24-2620) constitutes a clerical error which can be rectified via OCGA § 9-11-60 (g).

Citing *Cambron*, the Court of Appeals ruled in *Crawford v. Kroger Co.*, 183 Ga. App. 836 (360 SE2d 274) (1987), that a "motion to reopen" a slip and fall case on the ground that the trial judge failed to notify the losing party of his decision constituted a motion to correct a clerical error under OCGA § 9-11-60 (g). The court concluded that inasmuch as "appeals from orders under OCGA § 9-11-60 (g) are not enumerated in OCGA § 5-6-35 (a), no application for appeal is thereby required under OCGA § 5-6-35 (b)." Id.

We agree with the Court of Appeals' analysis in *Crawford* and adopt its holding that orders entered upon motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) do not require applications to appeal. It follows that the Court of Appeals erred in dismissing defendant's direct appeal in this case.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

Ronald S. Leventhal, *pro se.*
Schreeder, Wheeler & Flint, Timothy C. Batten, Laura R. Champion, for appellees.

---

[1] OCGA § 15-6-21 (formerly Code Ann. § 24-2620) provides, in part: "[I]t shall be the duty of the judge to file his decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his decision."