A95A1338. MMT ENTERPRISES, INC. v. CULLARS.
(462 SE2d 771)

BIRDSONG, Presiding Judge.

The appeal in this case was dismissed by non-published order on March 30, 1995 for failure to follow the discretionary appeals procedure. In its notice of appeal filed on January 12, 1995, appellant MMT Enterprises, Inc. states it is appealing from the original judgment (entered May 18, 1994), from the denial of its motion for j.n.o.v. or alternatively for new trial (entered October 5, 1994), and from the denial of its motion to set aside (entered December 16, 1994). We dismissed this direct appeal because it was not timely filed from the only two orders which were directly appealable (the original judgment and the denial of appellant's motion for j.n.o.v. or alternatively for new trial); and because appellant failed to comply with discretionary appeals procedure for appeal of motions to set aside a judgment. OCGA § 5-6-35 (a) (8).

On motion for reconsideration, appellant posits that this court erred in dismissing its appeal for two reasons: (1) a consent judgment allowed the parties 30 days to file a notice of direct appeal after the ruling on appellant's motion to set aside; and (2) according to some case authority, the motion to set aside extended the time for filing a notice of appeal from the earlier orders because it was based on a

---

[1] For a general discussion, see *Brock v. State*, 196 Ga. App. 605 (1) (396 SE2d 785) (1990).

nonamendable defect on the face of the record and lack of jurisdiction. *Held*:

1. OCGA § 5-6-39 governs extensions of time to file a notice of appeal. That statute allows only one extension of the time for filing a notice of appeal, and such an extension *cannot exceed the time otherwise allowed for filing the notice initially*. The consent judgment was timely entered on November 2, 1994, within 30 days of the denial of appellant's motion for j.n.o.v. or new trial, but prior to the denial of appellant's motion to set aside on December 16, 1994. While the consent judgment would have been effective to grant appellant a 30-day extension from the date on which it was entered, it was not effective to extend the filing date for a notice of appeal after the date of a future ruling, viz., the denial of appellant's motion to set aside. OCGA § 5-6-39 does not authorize such indefinite extensions of time to file a notice of appeal. This argument is without merit.

2. OCGA § 5-6-38 (a) provides that a notice of appeal must be filed within 30 days after entry of the appealable decision or judgment, or within 30 days after entry of a ruling on a *motion for new trial, motion for judgment notwithstanding the verdict or motion in arrest of judgment*. Relying on *Miller v. Bank of the South*, 177 Ga. App. 42 (338 SE2d 436), *Law Offices of Johnson & Robinson v. Fortson*, 175 Ga. App. 706 (334 SE2d 33), *Mathis v. Hegwood*, 169 Ga. App. 547 (314 SE2d 122), *Littlejohn v. Tower Assoc.*, 163 Ga. App. 37, 38 (293 SE2d 33), and see *Perryman v. Ga. Power Co.*, 180 Ga. App. 259 (348 SE2d 762) and *Bartlett v. Hembree*, 177 Ga. App. 253 (339 SE2d 388), appellant contends that although a motion to set aside is not among those listed in OCGA § 5-6-38 (a) as extending the time for appeal, when a motion to set aside is based on a nonamendable defect and/or lack of jurisdiction, it extends the time for filing a notice of appeal.

In those cases, beginning with *Littlejohn*, supra, this court construed *Johnson v. Barnes*, 237 Ga. 502 (229 SE2d 70) to hold that "A motion to set aside will *extend the time* for filing [a] notice of appeal," provided that the motion to set aside is "predicated upon some nonamendable defect . . . [on] the face of the record or . . . [on] lack of jurisdiction of the person or subject matter." 163 Ga. App. at 38. In fact, however, in *Johnson* at 503-505, the Supreme Court merely held that the ruling on a timely-filed motion to set aside was itself an "*appealable*" order; *Johnson* did not hold that a motion to set aside will "*extend the time*" for filing a notice of appeal of the prior judgment. In point of fact, when *Johnson* was written, a motion to set aside was *directly* appealable, that is, it did not technically serve to "extend the time" for appealing the *prior judgment* but, rather, the ruling on motion to set aside was itself directly appealable.

The conclusion reached in *Littlejohn* that the filing of a motion

to set aside could, under certain circumstances, "extend the time" in which to file a notice of appeal is therefore ill-founded. If *Johnson v. Barnes* ever could be construed as authority for such a conclusion, the General Assembly superseded it in 1984 when it amended the discretionary appeals procedure to add denials of motions to set aside as orders or judgments that require an application for authority to appeal. Ga. Laws 1984, p. 599. Under that law, codified at OCGA § 5-6-35 (a) (8), appeals from orders under OCGA § 9-11-60 (d) denying a motion to set aside a judgment may be taken only upon grant of an application for discretionary appeal. Thus, by statutory law, there is no longer a right of direct appeal from a ruling on a motion to set aside filed under OCGA § 9-11-60 (d). *Littlejohn*, supra, and *Mathis*, supra, were decided before that 1984 amendment; to the extent those cases and others following them hold that a motion to set aside can extend the time for filing a notice of appeal or that a direct appeal may be taken from the denial of a motion to set aside, those cases were superseded by OCGA § 5-6-35 (a) (8).

We note that in OCGA §§ 9-11-60 (d) and 5-6-35 (a) (8), considered together, our legislature has unequivocally specified that denial of *all* motions to set aside a judgment, including those predicated on a nonamendable defect or lack of jurisdiction, may be appealed only by discretionary grant unless the motion to set aside was combined with a motion for new trial or a motion for j.n.o.v. See *Martin v. Williams*, 263 Ga. 707, 710 (438 SE2d 353); OCGA § 5-6-34 (d).

Accordingly, *Littlejohn* and other cases relied upon by appellant are overruled to the extent they may be construed to hold that the filing of a motion to set aside can extend the time for filing a notice of appeal.

Appellant's request to present oral argument on its motion for reconsideration is denied.

*Motion for reconsideration denied and appeal dismissed. Mc-Murray, P. J., Pope, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I agree that the appeal must be dismissed for failure to follow the discretionary appeal procedure. OCGA § 5-6-35 (a) (8) requires that permission be obtained to appeal from the denial of a motion to set aside a judgment brought pursuant to OCGA § 9-11-60 (d). See, e.g., *Manley v. Jones*, 203 Ga. App. 173 (416 SE2d 744) (1992). Compare *Leventhal v. Moseley*, 264 Ga. 891 (453 SE2d 455) (1995), which recognizes that a direct appeal lay from an order on what was in effect a motion to correct a clerical error pursuant to OCGA § 9-11-60 (g) and not, as denominated by defendants, a motion to set aside; that would have required an application.

MMT Enterprises' motion was brought on the grounds that venue was improper at the outset or became lost as to the losing defendant when the jury returned a verdict in favor of the venue-providing defendant. OCGA § 9-11-60 (d) (1) allows a motion to set aside a judgment based on lack of jurisdiction over the person.

I do not agree with that portion of the majority opinion devoted to the question of the timeliness of the appeal. In *Johnson v. Barnes*, 237 Ga. 502 (229 SE2d 70) (1976), the Supreme Court ruled that the notice of appeal, filed within 30 days of the denial of plaintiff's motion to set aside (denominated by plaintiff as a motion to vacate), was timely. It was timely because such a motion, when overruled, is itself appealable even though it is not listed in what is now OCGA § 5-6-38. It is not a matter of "extending" the time to appeal from an earlier judgment; the ruling on the motion is appealable itself regardless of the distance timewise between the filing of the motion and the judgment it seeks to set aside. It is not infrequent that a motion to set aside will be made for lack of jurisdiction over the person, for instance, long after the judgment is rendered; it may be prompted by the judgment creditor's efforts to enforce the judgment by levy or garnishment or some other device. It cannot accurately be said that the filing of the motion "extends" the 30-day period for filing an appeal from the judgment.

Now that an application is required, which was not the case when *Johnson* was decided, it is not a matter of filing a notice of appeal within 30 days but rather one of filing an application within 30 days. OCGA § 5-6-35 (d). The express provision in subsection (d) for applications from the OCGA § 5-6-38 (a) extension-creating motions does not affect the time requirement for seeking to appeal the ruling on a motion to set aside; it is listed in subsection (a) (8). MMT Enterprises acted timely in pursuing its appeal, as it filed on January 12, 1995, from an order entered December 16, 1994. The fatal error was that it filed a notice of appeal in the trial court instead of an application in this court.

The cases which follow *Johnson* should not be overruled, once it is taken into account that the method for appealing has changed since *Johnson* was decided. The court in *Littlejohn v. Tower Assoc.*, 163 Ga. App. 37 (293 SE2d 33) (1982), however, misstated that *Johnson*, supra, stands for the proposition that "[a] motion to set aside will extend the time for filing notice of appeal." Id. at 38. As indicated above, it does not extend time but rather stands alone, as an appealable ruling; the 30-day period is measured from it, unconnected with its temporal relationship to the judgment it seeks to set aside. The same statement and mischaracterization is made in *Mathis v. Hegwood*, 169 Ga. App. 547 (314 SE2d 122) (1984), but again the dismissal was proper. Likewise in the cases of *Law Offices of Johnson &*

*Robinson v. Fortson*, 175 Ga. App. 706 (334 SE2d 33) (1985) and *Miller v. Bank of the South*, 177 Ga. App. 42 (338 SE2d 436) (1985). On the other hand, *Perryman v. Ga. Power Co.*, 180 Ga. App. 259 (348 SE2d 762) (1986), and *Bartlett v. Hembree*, 177 Ga. App. 253 (339 SE2d 388) (1985), do not fail in this regard.

DECIDED SEPTEMBER 20, 1995 — 

*Michael O. Horgan, Jeffrey C. McLellan*, for appellant.
*Charles E. Legette, Jr.*, for appellee.