# Court of Appeals
# of the State of Georgia

ATLANTA,___July 07, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0448.  ROYAL PHILLIPS, et al. v. PHILLIP PHILLIPS, et al.**

The trial court entered a default judgment against Royal Phillips and the Estate of Maxine Phillips  (the "Phillips Defendants"), and after a trial on damages, it entered its verdict and judgment against them.   The Phillips Defendants filed a pro se motion to vacate the judgment then hired counsel, who filed a motion for new trial. The trial court denied both motions in separate orders entered on March 6, 2015. According to the Phillips Defendants, they did not receive either of the orders and did not learn of them until April 14, 2015, after the period for filing a notice of appeal had expired.   The Phillips Defendants then filed motions to vacate both orders under OCGA § 9-11-60 (g), arguing that they did not receive proper notice of the rulings. The trial court denied both motions,[1] and the Phillips Defendants filed a timely application for discretionary review.

The  Phillips  Defendants apparently followed the discretionary appeal procedures because an order denying a motion to set aside under OCGA § 9-11-60 (d) may only be reviewed through discretionary application.  See OCGA § 5-6-35 (a) (8).  But "[m]otions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal." *Downs v. C. D. C. Federal Credit Union*, 224 Ga. App. 869 (1) (481 SE2d 903)

---

[1] The trial court's order shows that it was signed on May 14, 2015, but it has no stamped "filed" date.  Presuming that it was entered on the day it was signed, this application is timely.

(1997). The Phillips Defendants, therefore, were not required to file an application for discretionary appeal. See *Leventhal v. Moseley*, 264 Ga. 891, 892 (453 SE2d 455) (1995).

This Court will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. The Phillips Defendants shall have ten days from the date of this order to file a notice of appeal with the trial court. See OCGA § 5-6-35 (g). If, however, the Phillips Defendants have already filed a notice of appeal, they need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____07/07/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*