# Court of Appeals
# of the State of Georgia

ATLANTA,  September 24, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0064. ELIZABETH DENISE CALDON SORKNESS v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.**

Elizabeth Denise Caldon Sorkness brought the above-styled action seeking relief as a government "whistleblower" under OCGA § 45-1-4. The trial court entered summary judgment in favor of the Board of Regents of the University System of Georgia, and we affirmed that ruling. *Caldon v. Board of Regents of the University System of Georgia*, 311 Ga. App. 155 (715 SE2d 487) (2011). On July 24, 2014, Sorkness filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d). The trial court denied the motion on March 10, 2015. Sorkness then filed a motion for reconsideration, which the trial court denied on April 22, 2015. The record contains two notices of appeal, dated June 9, 2015 and June 26, 2015, attempting to directly appeal the denial of Sorkness's motion for reconsideration. These notices of appeal indicate that a notice was "[i]nitially submitted 15 May 2015" or "[s]ubmitted by 21 MAY 2015 Deadline." We lack jurisdiction for a number of reasons.

First, an appeal from the denial of a motion to set aside under OCGA § 9-11-60 (d) must be taken by application for discretionary appeal. OCGA § 5-6-35 (a) (8); see *MMT Enterprises, Inc. v. Cullars*, 218 Ga. App. 559, 561 (2) (462 SE2d 771) (1995). Sorkness's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this appeal.

In addition, Sorkness's notices of appeal are untimely. To be timely, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872

(1) (452 SE2d 756) (1995).  Here, the notices of appeal clearly are untimely as to the order denying Sorkness's motion to set aside. Moreover, even if Sorkness's notices of appeal were timely filed with regard to the order denying her motion for reconsideration, Sorkness may not directly appeal the trial court's denial of this motion. Motions for reconsideration do not extend the time for filing a notice of appeal, see *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (1) (441 SE2d 452) (1994), and an order denying a motion for reconsideration is not appealable in its own right.  See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

For these reasons, we lack jurisdiction over this appeal, which is hereby ***DISMISSED***.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/24/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*