A93A1012. CHAMBERS v. THE STATE.

(435 SE2d 291)

McMURRAY, Presiding Judge.

Via accusation, defendant was accused of possession of marijuana, in that, on November 13, 1991, he unlawfully had less than one ounce of marijuana in his possession. Defendant moved to suppress evidence that was seized in a search of his automobile. The trial court denied defendant's motion. Thereafter, defendant tendered a negotiated plea of nolo contendere. The trial court accepted the plea, having informed defendant, inter alia, that it was not bound by any plea agreement and intended to reject the plea agreement. Defendant was sentenced to serve 12 months, probated, and pay a $350 fine. He appealed, enumerating error on the denial of his motion to suppress evidence. *Held:*

"[D]efendants have no right to condition guilty [or nolo contendere] pleas upon reserving the appeal of any issues, and defendants may only reserve the appeal of such issues when the trial court, in the exercise of its discretion, allows a defendant to do so as part of a negotiated plea. Therefore, unless the trial court expressly approves the reservation of the issue and accepts the guilty [or nolo contendere] plea with that condition, the issue is not preserved; and an unconditional guilty [or nolo contendere] plea will waive any defenses and objections (*Massey v. State*, 137 Ga. App. 484, 485 (224 SE2d 117)) except an appellate issue of whether such plea was voluntarily made by [defendant] and accepted following proper inquiry by the trial court." *Mims v. State*, 201 Ga. App. 277, 279 (410 SE2d 824).

We find no reservation of the suppression issue in the record on appeal. It follows that the issue was not preserved and we will not consider the error enumerated.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993.

Bondurant, Mixson & Elmore, Keenan R. S. Nix, for appellant.
Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Jessica R. Towne, Assistant Solicitors, for appellee.