### A97A1440. MOFFETT v. THE STATE.
(491 SE2d 126)

McMURRAY, Presiding Judge.

Defendant was charged with driving under the influence of drugs, in violation of OCGA § 40-6-391 (a) (2). At the hearing on defendant's motion to suppress, Officer Mark Fenniger of the Coweta County Sheriff's Office testified he was advised that defendant's black pickup truck, believed to be transporting narcotics, was approaching the officer's location from two miles down the road. When Officer Fenniger stopped the vehicle, he detected the strong odor of marijuana coming from defendant, whose eyes were "very red — bloodshot." Defendant was issued a citation for not having his license on his person. A trained dog alerted to the "presence of some type of drugs. . . ." Marijuana was found on the passenger seat of the vehicle. Defendant was charged with driving under the influence of drugs and read his implied consent warning. Three times, defendant agreed to submit to a breath test but refused the urine test designated by Officer Fenniger.

At the conclusion of the suppression hearing, defendant's motion was denied. The parties then proceeded to treat the hearing as a bench trial. At the conclusion of the trial, defendant's counsel entered a plea of nolo contendere in open court and in the presence of defendant. He was sentenced to 12 months, to be served on probation. Proceeding pro se, defendant brings this direct appeal. He enumerates the denial of his motion to suppress, the sufficiency of the evidence and the lack of a trial. *Held*:

Entering a plea of nolo contendere is a privilege rather than a right; it constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant. *Fortson v. Hopper*, 242 Ga. 81, 82 (247 SE2d 875). When the trial court accepts the plea of nolo contendere, it is empowered to impose whatever sentence is provided by law for the offenses, just as if the defendant had been convicted by a jury or entered a plea of guilty. Id. at 83. A valid plea of guilty or nolo contendere will waive any defenses and objections save whether such plea was voluntarily entered by defendant and accepted after proper inquiry by the trial court. *Chambers v. State*, 210 Ga. App. 71 (435 SE2d 291). In the case sub judice, defendant presents no enumeration of error challenging the validity of his plea of nolo contendere to driving under the influence of drugs. In fact, he made no objection on the record before the trial court acted on the nolo contendere plea his counsel entered in open court. See *Paino v. State*, 209 Ga. App. 87, 88 (432 SE2d 599). Rather, he ratified that plea by entering it on the back of the uniform traffic citation and signing his name. Consequently, that plea must be deemed to have waived all defenses and objections, including those alleged errors actually enumerated.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 8, 1997.

Brian R. Moffett, *pro se.*
*John H. Cranford, Solicitor,* for appellee.

