## A99A1181. WILSON v. THE STATE.
### (523 SE2d 613)

MILLER, Judge.

Charged with deposit account fraud, Donald Wilson pled nolo contendere and was sentenced to one year, commuted to time served. Citing several enumerations of error, he appeals. We affirm.

Wilson contends he should not have been prosecuted for the offense because the case was placed on the dead docket. Based on this contention, he moved to modify his sentence, which the trial court denied. Placing a case on the dead docket does not constitute either a dismissal or termination of the prosecution in the accused's favor.[1] The case is still pending and can be called for trial at the judge's discretion.[2] Wilson also claims that the State's motion to remove the case from the dead docket included a request for dismissal subsequently granted by the trial court. Although "dismiss" is in the title of the motion, the body of the motion requests only that the case be removed from the dead docket. This is also reflected in the court order shown on the same page of the State's motion which grants only a removal of the case from the dead docket. Despite its

---

[1] *McCord v. Jones*, 168 Ga. App. 891, 892 (311 SE2d 209) (1983).
[2] Id.

title, the motion was not a motion to dismiss.[3]

In two enumerations, Wilson claims that he did not know of or was not provided counsel. The transcript reflects otherwise. In fact, when asked by the trial court if he discussed his plea with his attorney and whether he was satisfied with his attorney's performance, he responded affirmatively.

Wilson's remaining enumerations of error are without merit as we will not consider issues that were not raised and preserved in the trial court.[4] Additionally, "[a] valid plea of guilty or nolo contendere will waive any defenses and objections save whether such plea was voluntarily entered by defendant and accepted after proper inquiry by the trial court."[5] Wilson made no objection before the trial court accepted his plea and imposed sentence, and he does not challenge the validity of his plea here on appeal.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 4, 1999 — 

Donald P. Wilson, *pro se.*
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.

---

[3] Cf. *Law Offices of Johnson & Robinson v. Fortson*, 175 Ga. App. 706, 707 (334 SE2d 33) (1985), overruled on other grounds, *MMT Enterprises v. Cullars*, 218 Ga. App. 559 (462 SE2d 771) (1995).

[4] *Harris v. State*, 234 Ga. App. 126, 128 (2) (505 SE2d 49) (1998).

[5] (Citation omitted.) *Moffett v. State*, 228 Ga. App. 73, 74 (491 SE2d 126) (1997).

