A03A0641. SHIRLEY v. THE STATE.
(581 SE2d 320)

ELLINGTON, Judge.

Morgan Russell Shirley pled guilty in Douglas County Superior Court to one count of trafficking methamphetamine, OCGA § 16-13-31; four counts of violating the Georgia Controlled Substances Act, OCGA § 16-13-30; and four counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106. He appeals his convictions for the firearm violations and his sentence under OCGA § 16-11-106 (b). Finding no error, we affirm.

The record shows that, during controlled buys coordinated by the Douglas County Sheriff's Department, an undercover operative purchased methamphetamine four times from Shirley at Shirley's Lithia Springs pawnshop. During each transaction, Shirley either was wearing a handgun "on his hip" or had a handgun within arm's reach. During the fourth transaction, Shirley sold the undercover operative two ounces of methamphetamine, a trafficking amount. See OCGA § 16-13-31 (e). Police officers arrested Shirley immediately after the fourth sale, and Shirley had at least one additional ounce of methamphetamine in his possession.

During the hearing on Shirley's nonnegotiated guilty plea, Shirley affirmatively stated that he understood that he could be sentenced up to 170 years in prison for the indicted crimes, including a mandatory minimum ten-year sentence and $100,000 fine for the trafficking charge, maximum thirty-year sentences for the sales and possession with intent charges, and mandatory consecutive five-year sentences for each of the four firearm convictions. Shirley admitted to the facts supporting the charges as indicted, and his counsel stated that he believed the charges in the indictment had an adequate basis in fact. The trial court found that there was a factual basis for Shirley's guilty plea and accepted the plea as being freely, knowingly, and voluntarily made.

During the sentencing phase of the hearing, Shirley objected to his sentences for the firearm violations because he had not used a handgun "in furtherance" of the drug sales, but only had it available because of the dangerous nature of his pawnshop business. The trial court correctly pointed out that there is no exception under OCGA § 16-11-106 for someone who may otherwise be in lawful possession of a firearm.[1] Although Shirley asked the court to suspend the firearm sentences, the trial court sentenced Shirley to ten years to serve on the trafficking charge and consecutive terms of five years to serve on each of the four firearm convictions, totaling thirty years to serve.[2]

1. Shirley argues on appeal that, because he was in lawful possession of the handgun and it was "insignificantly present" during the crimes, OCGA § 16-11-106 did not apply to this case. This argument is entirely without merit. The statute clearly and unambiguously prohibits having a firearm "on or within arm's reach" during

---

[1] Under OCGA § 16-11-106 (b) (4) and (5), a person who has a firearm on his person or within arm's reach during the felonious sale or trafficking of a controlled substance "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received."

[2] The court also sentenced Shirley to a concurrent term of ten years to serve and twenty years on probation for one of the sales counts, concurrent terms of ten years to serve for two other sales counts, and a consecutive sentence of ten years probation for the fourth sales count.

the commission of a felony, with no exception for otherwise lawful possession. OCGA § 16-11-106 (b). More importantly, Shirley expressly admitted during the plea hearing that he was guilty of the firearm violations as indicted. Accordingly, Shirley's argument was waived. See *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002) ("A knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown.") (punctuation and footnote omitted); *Wilson v. State*, 240 Ga. App. 681, 682 (523 SE2d 613) (1999) (accord). There was no error.

2. Shirley contends that the trial court erroneously believed that it did not have the authority to suspend the four firearm sentences. He argues that the trial court had such authority under OCGA § 17-10-1. Although Shirley asked the trial court to suspend the sentences during the hearing, the issue of the trial court's authority under OCGA § 17-10-1 was never raised. Further, Shirley's contentions on appeal about what the trial court may have believed or considered when deciding against imposing suspended sentences are entirely speculative and unsupported by the record. The plea hearing transcript only shows that the trial court rejected the idea of suspending the sentences. Since Shirley failed to affirmatively show error by the record, he presents no ground for reversal. *Griffin v. State*, 265 Ga. 552, 555 (10) (458 SE2d 813) (1995).

3. Shirley's contention that the trial court erred in finding that the four firearm sentences had to be served consecutively lacks merit, as the statute unambiguously states that the sentences are "to run consecutively to any other sentence which the person has received." OCGA § 16-11-106 (b). Further, none of the arguments supporting this enumeration on appeal were argued before the trial court. They are, therefore, waived. See *Rhode v. State*, 274 Ga. 377, 383 (12) (552 SE2d 855) (2001) (defendant waived the issue on appeal by failing to object to the trial court); *Wilson v. State*, 240 Ga. App. at 682 (accord).

4. As Shirley concedes in his brief, his remaining enumeration was not preserved for consideration by this Court. *Wilson v. State*, 240 Ga. App. at 682.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MARCH 14, 2003.

*Paul S. Liston*, for appellant.

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.