S05A1553. PHILLIPS v. THE STATE.

(620 SE2d 367)

CARLEY, Justice.

At Obie Phillips' original trial, the jury was unable to reach a verdict on alternative malice and felony murder charges, but found him not guilty of aggravated assault. Thereafter, he filed a plea in bar, asserting that the acquittal prevented the State from retrying him for felony murder based upon commission of aggravated assault. The trial court denied the motion, and that ruling was affirmed on appeal. *Phillips v. State*, 272 Ga. 840 (537 SE2d 63) (2000).

In February of 2001, the trial court placed the case on its administrative dead docket. Phillips' retrial commenced in June of 2002. The jury found him guilty of both the malice and felony murder counts. Pursuant to *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993), the trial court entered judgment only on the verdict as to malice murder and then sentenced Phillips to life in prison. After the denial of his motion for new trial, Phillips appeals.[1]

1. Phillips contends that it was error to conduct the retrial, because he was not provided sufficient notice that his case was being removed from the dead docket. However, he does not identify when or how this issue was raised below. If his defense counsel believed that

---

[1] The murder occurred on December 28, 1996. The grand jury indicted Phillips on March 25, 1997. The jury returned the guilty verdicts in the retrial on June 6, 2002. The trial court entered the judgment of conviction and imposed the life sentence on June 21, 2002. Phillips filed a premature motion for new trial on June 13, 2002, which the trial court denied on October 7, 2004. He filed a notice of appeal on October 13, 2004, and the case was docketed in this Court on June 9, 2005. The appeal was submitted for decision on August 8, 2005.

additional time was needed, they could have requested a continuance. They did not do so. Thus, on the record before us, the alleged error in the timing of the retrial was not preserved for appellate review. See *Culler v. State*, 277 Ga. 717, 719 (2) (594 SE2d 631) (2004); *Watts v. State*, 265 Ga. 888 (2) (463 SE2d 696) (1995).

Moreover, Phillips cites no authority for the proposition that he was entitled to more notice than he actually got. He clearly received notice of the charges for which he would be tried, as his signature and that of his attorneys appear on the indictment to which he pled not guilty. Compare *Collins v. State*, 151 Ga. App. 116, 117 (2) (258 SE2d 769) (1979) (probationer did not receive sufficient written notice of his alleged violation). Although the case was placed on the dead docket after the original trial ended in a mistrial as to the murder charges, that

> " 'certainly constitute[d] neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial.' (Cits.)" [Cits.]

*Beam v. State*, 265 Ga. 853, 855 (3), fn. 3 (463 SE2d 347) (1995). Nothing in the record supports a finding that, under the circumstances, Phillips failed to receive such notice of his retrial as would satisfy due process. Compare *Ramirez v. State*, 279 Ga. 13, 16 (3) (608 SE2d 645) (2005) (failure to provide notice of charge of indirect criminal contempt).

2. Although Phillips does not enumerate the general grounds, we have reviewed the transcript to determine the sufficiency of the evidence. That review shows that the State proved that, having intentionally shot the victim in the back, he then fired again into the victim's chest. Phillips fled the scene and sought to dispose of the weapon. He made incriminating admissions to a friend, acknowledging that, while high on drugs, he shot the victim. When construed most strongly in support of the jury's guilty verdict, this evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Phillips was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General,* for appellee.