# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0204. KIM CAMILLE FLORENCE v. THE STATE.**

Kim Camille Florence filed this application for discretionary review, seeking to appeal a trial court order that placed a pending criminal trespass charge against her on the dead docket. We, however, lack jurisdiction.

"Placing cases on the dead docket is a procedural tool by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court." *Seals v. State*, 311 Ga. 739, 746(3)(a) (860 SE2d 419) (2021) (citation and punctuation omitted), disapproved of on other grounds by *Gonzales v. State*, 315 Ga. 661, 664(1)(b) n.7 (884 SE2d 339) (2023). Accordingly, placing a pending criminal charge on the dead docket "constitute[s] neither a dismissal nor a termination of the prosecution in the accused's favor." *Phillips v. State*, 279 Ga. 704, 705(1) (620 SE2d 367) (2005) (citation and punctuation omitted); see also *Wilson v. State*, 240 Ga. App. 681, 681 (523 SE2d 613) (1999) (holding that placing a case on the dead docket does not dismiss it). Rather, the case "is still pending." *Phillips*, 279 Ga. at 705(1) (citation and punctuation omitted).

Because this case remains pending below, Florence was required to comply with the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to obtain appellate review at this juncture. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Although Florence filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA §

5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 832–33 (471 SE2d 213) (1996).

Florence's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  12/12/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*